ROBERT LEE SCHMIDT *v*. STATE OF INDIANA.

[No. 3-573A53.  Filed February 22, 1974.]

*James V. Tsoutsouris*, Valparaiso, for appellant.

*Theodore L. Sendak*, Attorney General, and *William E. Daily*, Deputy Attorney General, for appellee.

## I.

## STATEMENT ON THE APPEAL

STATON, J.—Before sentencing upon his rape conviction, Robert Lee Schmidt petitioned the trial court for an examination as a possible criminal sexual deviant. Two psychiatrists were appointed by the trial court to examine him. Prior to the hearing on the petition, Robert Lee Schmidt filed a motion to vacate the conviction. This motion was heard at the same time as the petition over the objection of the State of Indiana. Both psychiatrists testified that Robert Lee Schmidt was not a criminal sexual deviant. In addition to this testimony upon the petition, both psychiatrists testified that in their opinion, Schmidt was incapable of participating in his own defense at the time of his trial. The trial court denied the petition and the motion to vacate the conviction. The trial court rendered its judgment sentencing Robert Lee Schmidt to two [2] to twenty-one [21] years at the diagnostic center. The

motion to correct errors filed by Robert Lee Schmidt raises this question for our consideration on appeal:

> Was the testimony of the two court-appointed psychiatrists so significant and compelling that the court had "reasonable grounds" for a separate, distinct determination of Schmidt's sanity?

Our opinion concludes that the testimony of the two court-appointed psychiatrists was so significant and compelling that the trial court had "reasonable grounds" for a separate, distinct determination of Schmidt's sanity at the time of trial. We further conclude that *Pate* v. *Robinson* (1966), 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815; *Tinsley* v. *State* (1973), 260 Ind. 577, 298 N.E.2d 429; *Evans* v. *State* (1973), 261 Ind. 148, 300 N.E.2d 882 and IC 35-5-3-2; Ind. Ann. Stat. § 9-1706 (a) (Burns 1973 Supp.) are controlling.

## II.

## STATEMENT OF THE FACTS

Robert Lee Schmidt had been convicted on January 14, 1972 of rape after being tried by the court. The sole purpose of his petition filed on January 14, 1972 was to have himself examined as a possible criminal sexual deviant pursuant to IC 35-11-3.1-3; Ind. Ann. Stat. § 9-4003 (Burns 1973 Supp.). The trial court appointed two psychiatrists, Dr. Metcalfe and Dr. Berkson, to examine Schmidt. On January 20, 1972 the record indicates that a motion to vacate the conviction was filed by Robert Lee Schmidt. The hearing on this motion and the previously filed petition was set for October 10, 1972. Dr. Metcalfe examined Schmidt on June 6, 1972 and Dr. Berkson examined Schmidt on June 7, 1972.

The testimony of Dr. Metcalfe at the October 10, 1972 hearing is as follows:

> "Q. Doctor, based on your examination of this defendant, and taking into consideration the tests conducted and the personal history of this defendant, do you have

"⋅⋅⋅ an opinion as to whether or not he is a criminal sexual deviant as defined by the Indiana statute?

"A. I don't think he is as defined by the statute, but I think he is psychotic or legally insane, if you want to put it that way.

\* \* \*

"Q. It is your testimony, is it not, that this man is not a criminal sexual deviant, but that he is criminally insane?

"A. That is it, yes.

"Q. Legally insane?

"A. Yes.

\* \* \*

"A. As I recall an individual who is legally insane is an individual who is not able to—according to the Indiana statute—isn't able to appreciate the nature and equality of his acts and to define the difference between right and wrong, and who may or may not be able to participate in his own defense, and yet is suffering from a mental illness.

"Q. And you feel these elements are present insofar as this defendant is concerned?

"A. Yes.

\* \* \*

"Q. And you think the capacity to cooperate in his own defense stems from a mental problem?

"A. Yes.

"Q. Doctor, do you feel there is a problem here that within a reasonable time this situation will correct itself? Or that within a reasonable time that this is a problem that the defendant will be then able to sufficiently understand the nature of the proceedings?

"A. Not without treatment.

"Q. I beg your pardon?

"A. Not without treatment.

"Q. You do feel that perhaps with treatment he may be able to at sometime within a reasonable period of time regain his ability to understand the nature of the proceedings and aid in his defense?

"A. I would think so. It's possible, yes.

"Q. It is your opinion that at the time you examined that he was mentally insane as defined by the statute, is that correct?

"A. Yes."

Dr. Berkson's testimony was substantially the same as Dr. Metcalfe's. He testified further that:

"Q. Doctor, based on your examination of this defendant in October of this year, do you have an opinion as to his competency to stand trial?

"A. Yes, I do.

"Q. And what is that opinion, Doctor?

"A. That he is not competent to stand trial.

"Q. Would you tell this Court, if you would, the reasons for the determination that you have made?

"A. The primary reason for such a determination is his marked suspiciousness, his real difficulty in relating to others. I feel it would be essentially impossible for him to function adequately in the preparation of his own defense.

"Q. Doctor, do you feel that this condition will improve within a reasonable period of time?

"A. It is possible, yes."

The trial court found against Robert Lee Schmidt on his motion to vacate the conviction and further stated:

"This Defendant appeared in Court for all preliminary matters including a trial by the Court in which the Defendant himself took the stand and testified in his own behalf, and appeared at that time to conduct himself in a manner that would indicate he was aware of the nature of the charges and was able to cooperate with his counsel and fully understand the proceedings. Further, the evidence does not show to the Court that the Defendant was in such position at the time of the trial, that he did not understand the nature of the proceedings and was not in position to defend himself in this cause.

"Further, that this motion is not timely filed in that the Defendant has now been found guilty and the only matter before the Court at this time is the matter of sentencing."[1]

1. The United States Supreme Court in *Pate* v. *Robinson* (1966), 383 U.S. 375, 386, 86 S.Ct. 836, 842, 15 L.Ed.2d 815 stated that ". . . While Robinson's demeanor at trial might be relevant to the ultimate decision as to his sanity, it cannot be relied upon to dispense with a hearing on the very issue." [citing *Bishop* v. *United States* (1956), 350 U.S. 961, 76 S.Ct. 440, 100 L.Ed. 835, reversing (D.C. 1955), 223 F.2d 582.]

The motion to vacate acted upon here by the trial court should have been treated as a Rule PC. 1 petition for post-conviction relief since

Thereafter, the court sentenced Robert Lee Schmidt as follows:

> ". . . The Court now finds the Defendant to be 29 years of age and now orders that he be committed to the custody and control of the Superintendent of the Indiana Diagnostic Center for a period of not less than two (2) nor more than twenty-one (21) years, and further orders that the Sheriff execute this judgment.
>
> "The Defendant given credit for 350 days spent at Porter County Jail."

Robert Lee Schmidt filed his motion to correct errors which raises the issue set forth below in the "Statement of the Issue."

### III.

### STATEMENT OF THE ISSUE

The sole issue considered by this Court on appeal is:

> Was the testimony of Dr. Metcalfe and Dr. Berkson so significant and compelling that it suggested to the trial court reasonable grounds for a separate and distinct determination of Schmidt's sanity? [See IC 35-5-3-2; Ind. Ann. Stat. § 9-1706(a) (Burns 1973 Supp.)].

### IV.

### STATEMENT ON THE LAW

Due process of law requires that Robert Lee Schmidt not be placed on trial for a crime if he is mentally incompetent to understand the proceedings or participate in his defense. *Pate* v. *Robinson* (1966), 383 U.S. 376, 86 S.Ct. 836, 15 L.Ed.2d 815; *Sims* v. *State* (1965), 246 Ind. 660, 208 N.E.2d 469.

In *Tinsley* v. *State* (1973), 260 Ind. 577, 298 N.E.2d 429, 432, the Supreme Court of Indiana considered the following evidence of incompetency to stand trial:

---

there is no provision in our rules for a motion to vacate. The substance of the motion and the relief sought must govern its classification and treatment by the trial court. *Grimes* v. *State* (1972), 257 Ind. 660, 278 N.E.2d 271.

". . . The only factual allegation contained in the motion filed in the trial court bearing on appellant's competency at the time of his trial was a copy of a Marion Probate Court judgment and order of April, 1956, in which a guardian was appointed for Buford Tinsley because he was found to be 'incapable of managing his estate because of mental illness.' "[2]

The Supreme Court held in *Tinsley* v. *State, supra,* 298 N.E.2d at 433 in an opinion written by Justice DeBruler that:

". . . [T]his judgment of the Marion Probate Court casts sufficient reasonable doubt on appellant, Buford Tinsley's competency at the time of his trial to warrant an evidentiary hearing on the matter."

In *Evans* v. *State* (1973), 261 Ind. 148, 300 N.E.2d 882, 888, the evidence revealed:

". . . that ten days after the appellant's trial and two days after he was sentenced he was apparently so disturbed that an interviewer at the prison was unable to conduct a preliminary interview with him. Three days later appellant was diagnosed by a physician as 'overtly psychotic'. For three years immediately following his trial appellant was confined to a State mental hospital undergoing various forms of treatment. . . ."

Our Indiana Supreme Court concluded in *Evans* v. *State, supra,* 300 N.E.2d at 888:

". . . We believe that when consideration is given to the expert source of this information and its close proximity to the time of trial, it is sufficiently significant and compelling as to warrant a hearing on the matter of appellant's competency at the time of trial."

Our Indiana Supreme Court in *Tinsley* v. *State* and *Evans* v. *State, supra,* remanded and instructed the trial court to conduct a hearing as provided by IC 35-5-3-2; Ind. Ann. Stat. § 9-1706(a) (Burns 1973 Supp.), which provides:

---

2. Buford Tinsley was convicted of first degree burglary which allegedly occurred on February 21, 1971.

"Commitment before trial—Subsequent actions.—When at any time before the trial of any criminal cause or during the progress thereof and before the final submission of the cause to the court or jury trying the same, the court, either from his own knowledge or upon the suggestion of any person, has reasonable ground for believing the defendant to be insane, he shall immediately fix a time for a hearing to determine the question of the defendant's sanity and shall appoint two [2] competent disinterested physicians who shall examine the defendant upon the question of his sanity and testify concerning the same at the hearing. At the hearing, other evidence may be introduced to prove the defendant's sanity or insanity. If the court shall find that the defendant has comprehension sufficient to understand the nature of the criminal action against him and the proceedings thereon and to make his defense, the trial shall not be delayed or continued on the ground of the alleged insanity of the defendant. If the court shall find that the defendant has not comprehension sufficient to understand the proceedings and make his defense, the trial shall be delayed or continued on the ground of the alleged insanity of the defendant. If the court shall find that the defendant has not comprehension sufficient to understand the proceedings and make his defense, the court shall order the defendant committed to the department of mental health, to be confined by the department in an appropriate psychiatric institution. Whenever the defendant shall become sane the superintendent of the state psychiatric hospital shall certify the fact to the proper court, who shall enter an order on his record directing the sheriff to return the defendant, or the court may enter such order in the first instance whenever he shall be sufficiently advised of the defendant's restoration to sanity. Upon the return to court of any defendant so committed he or she shall then be placed upon trial for the criminal offense the same as if no delay or postponement has [had] occurred by reason of defendant's [defendant's] insanity."

We attach particular significance to the language of the above statute which provides ". . . *At the hearing, other evidence may be introduced to prove the defendant's sanity or insanity. . . .*" Such other evidence would certainly include Schmidt's demeanor at preliminary hearings and at trial. See *Pate* v. *Robinson, supra,* and footnote one of this opinion. This will require that the trial judge be a witness.

Therefore, it is essential to due process of law that the same trial judge not be the same judge who shall determine Schmidt's sanity or competency.[3] The hearing must be a separate, independent and objective determination. A panel of three names should be submitted to the State of Indiana and the defendant for the purpose of striking within ten [10] days of actual notice. Where there is a failure of either or both parties to strike, the clerk of the court shall strike for either or both parties. The name remaining shall, upon qualification, be the judge to hear the evidence and determine the question of competency.

The test of Robert Lee Schmidt's competency at the time of his trial is whether he had ". . . sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as factual understanding of the proceedings against him." *Dusky* v. *United States* (1960), 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824.

The "expert source" of information noted in *Evans* v. *State, supra,* persuades this Court that the testimony of Dr. Metcalfe and Dr. Berkson was sufficiently significant and compelling to give the trial court "reasonable grounds" to order a separate, independent and objective determination of Robert Lee Schmidt's sanity at the time of trial.[4]

---

3. The Code of Judicial Conduct adopted by the House of Delegates of the American Bar Association on August 16, 1972 under Canon 3 (C) (1) (d) (iv) provides:
"C. Disqualification.
    (1) A judge should disqualify himself in a proceeding in which his impartiality might reasonably be questioned, including but not limited to instances where:
        \* \* \*
      (d) he or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:
        \* \* \*
      (iv) is to the judge's knowledge likely to be a material witness in the proceeding; . . ."
4. The record discloses that the trial court did not consider the hearing to be one determining competency.
"THE COURT: There has been no Court appointment to determine competency."

## V.

## DECISION OF THE COURT

This cause is remanded to the trial court with instructions to:

1. Set aside its judgment sentencing Robert Lee Schmidt to a term of two (2) to twenty-one (21) years to the Indiana Diagnostic Center.

2. Name a panel of three for striking as directed by this Court in its opinion.

3. Conduct a separate, independent and objective hearing upon Robert Lee Schmidt's competency applying the dictates of IC 35-5-3-2; Ind. Ann. Stat. § 9-1706(a) (Burns 1973 Supp.) and the test set forth in *Dusky* v. *United States, supra,* insofar as they are consistent with this opinion.

4. Determine whether, at the time of trial, Robert Lee Schmidt had "comprehension sufficient to understand the nature of the criminal action against him and the proceedings thereon and to make his defense."[5]

Hoffman, C.J. and Lowdermilk, J., concur.

NOTE.—Reported at 307 N.E.2d 484.

---

5. If any other proceedings become necessary, see *Jackson* v. *Indiana* (1972), 406 U.S. 715, 92 S.Ct. 1845, 32 L.Ed.2d 435; *Wilson* v. *State* (1972), 259 Ind. 375, 287 N.E.2d 875; IC 35-5-3-3; Ind. Ann. Stat. § 9-2217(a) (Burns 1973 Supp.); Scrignar, *Tranquilizers and the Psychotic Defendant,* 53 A.B.A.J. 43 (1967).