**Harold K. SMITH, Defendant-Appellant,**

v.

**STATE of Indiana, Plaintiff-Appellee.**

**No. 3–881A197.**

Court of Appeals of Indiana,
Third District.

Nov. 19, 1981.

Joanne C. Graham, Elkhart, for defendant-appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

GARRARD, Judge.

Appellant Smith is charged with murder. He brought this interlocutory appeal to challenge the trial court's determination of July 8, 1981 that he is competent to stand trial.

At the outset we point out that the question of competency to stand trial is ill suited to interlocutory review. In the present instance appellant's reply brief was not filed until October 19, 1981, and our review follows. We, of course, find it difficult to project for any given individual what the lapse of four or more months may mean in terms of his continued ability or inability to adequately participate in his defense. *See* *Malo v. State* (1977), 266 Ind. 157, 361 N.E.2d 1201. We accepted the appeal in this case because of the assertion that the trial court applied the wrong standard in making its determination. We now conclude that the standard applied was proper and that the decision should be affirmed.

We briefly recount the proceedings to date. On October 30, 1979, Smith filed a motion for the determination of his competency to stand trial. The court appointed Drs. Yuhn and Kauffman to examine Smith.

On December 26, 1979 Dr. Kauffman reported that while Smith had a significant disability in expressing himself verbally, he was able to understand the nature of the charges, the consequences of a finding of guilty and was able to assist his attorney in his defense. On January 2, 1980 Dr. Yuhn made similar findings and conclusions.

On July 10, 1980 Smith again filed a motion to determine competency. On August 11, 1980, the same psychiatrists again reported on Smith. This time while Dr. Yuhn again found Smith competent to stand trial, Dr. Kauffman concluded that he lacked substantial capacity to sufficiently comprehend legal concepts to be able to assist his attorney in his defense.

On August 26, 1980 the court conducted an evidentiary hearing and ordered Smith transported to Logansport State Hospital for further evaluation. Subsequently, Smith was ordered committed until such time as he became competent to stand trial.

On January 9, 1981 the court received a report from Dr. Matheu indicating that Smith had been participating in the hospital's adult education program and, as a result, understood the functions of the various figures in a trial and that he was gaining competency. On January 22nd Logansport State Hospital reported Smith competent to stand trial. Both Dr. Matheu and Dr. Keat-

ing reached that conclusion. The trial court entered findings accordingly, and this appeal followed.

On appeal Smith contends that the court erred by applying the test stated in *Reagon v. State* (1969), 253 Ind. 143, 251 N.E.2d 829, rather than the proper test which, we are urged, was set forth in *Dusky v. United States* (1960), 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824. We have previously cited *Dusky*. *See Evans v. State* (1973), 261 Ind. 148, 300 N.E.2d 882; *Schmidt v. State* (1974), 159 Ind.App. 412, 307 N.E.2d 484.

*Dusky* was a *per curiam* reversal where the record did not contain sufficient information to support the findings required under 18 U.S.C.A. § 4244. The court continued,

> "We also agree with the suggestion of the Solicitor General that it is not enough for the district judge to find that 'the defendant [is] oriented to time and place and [has] some recollection of events,' but that the 'test must be whether he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as factual understanding of the proceedings against him.'"

362 U.S. at 402, 80 S.Ct. at 788–89.

In *Reagon* our Supreme Court was confronted with the dilemma of an accused whose disability consisted of his inability to recall the events surrounding the automobile collision which served as the basis for his prosecution. The court quoted the general rule,

> " 'In determining a defendant's capacity to stand trial, the test is whether he has the capacity to comprehend his position, to understand the nature and object of the proceedings against him, to conduct his defense in a rational manner, and to co-operate with his counsel to the end that any available defense may be interposed . . . .' 21 Am.Jur.2d, Criminal Law, § 63, p. 144."

251 N.E.2d at 831.

We agree with the state that rather than posing different tests, these statements rep-

resent differently worded versions of the same inquiry.

That neither is intended as an ultimate definition may be deduced from the use in both of the term "rational." Rational has been termed a synonym for sane. *State v. Leehman* (1891), 2 S.D. 171, 49 N.W. 3, 5. It has no legal or technical meaning, and is defined by Webster as having reason, faculty of reasoning, endowed with reason and understanding, agreeable to reason. *Bottom v. Bottom* (Ky.App.1907), 106 S.W. 216, 217. The inquiry thus focuses upon whether the accused has a sufficient understanding of the facts and proceedings to enable him to consult with his attorney and participate in his defense. *See* IC 35–5–3.-1–1. It follows that the court did not err in relying upon *Reagon*.

Smith further argues, in essence, that whatever may be the test, the evidence failed to establish his competence to stand trial.

The difficulty we have in responding to this argument arises from the lack of absolutes available to us in reviewing the issues. Nor has counsel been able to enlighten us. While her argument variously asserts that to be competent to stand trial an accused should be able to communicate "the existence of certain mental processes or impressions which may have existed" and "certain information," she has been unable to specify from the record or otherwise precisely what she alludes to and what the defendant appears unable to do.

Under those circumstances we are bound to a general review of the record and the evidence disclosed therein. We may not reweigh the evidence nor reassess the credibility of the witnesses. Here there was considerable evidence that Smith is competent to stand trial. We may not, therefore, overturn the trial court's determination. *McMahan v. State* (1978), 269 Ind. 566, 382 N.E.2d 154.

Affirmed.

HOFFMAN, P. J., and STATON, J., concur.