FRANK GRIMES *v.* STATE OF INDIANA.

[No. 970S198. Filed February 11, 1972.]

*Charles W. Ardery, Jr.,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *R. Michael Bruney,* Deputy Attorney General, for appellee.

DeBruler, J.—This is an appeal from a denial by the Circuit Court of Putnam County, Honorable Francis Hamilton presiding, of appellant's motion to vacate a guilty plea. We will treat appellant's motion as one filed under P.C. 1 since that is the appropriate procedure for requesting the vacation of a guilty plea. *Lockhart* v. *State* (1971), 257 Ind. 349, 274 N. E. 2d 523. Appellant was charged with failing to support his children in violation of I.C. 1971, 35-14-5-2, being Burns § 10-1402. After appellant plead guilty he was placed on probation but four months later the trial court revoked the probation and sentenced appellant to one to seven years in prison. After appellant filed his motion to vacate the guilty plea, the appellee moved to set aside the revocation on the ground appellant had served enough time to impress him with the gravity of the offense. The trial court granted that motion and again placed appellant on probation.

Appellant's contention is that the taking of the guilty plea was unconstitutional because it was in violation of appellant's right to counsel guaranteed by the Sixth Amendment to the United States Constitution as applied through the due process clause of the Fourteenth Amendment, and Art. 1, § 13 of the Indiana Constitution.

Appellant had an absolute right to have the assistance of counsel at his arraignment and if appellant did not have the funds to hire his own attorney, it was the duty of the trial court to appoint him one even if he did not request one. *Arsenault* v. *Massachusetts* (1968), 393 U. S. 5, 89 S. Ct. 35, 21 L. Ed. 2d 5; *Gideon* v. *Wainwright* (1963), 372 U. S. 335, 83 S. Ct. 792, 9 L. Ed. 2d 799; *White* v. *Maryland* (1962), 373 U. S. 59, 83 S. Ct. 1050, 10 L. Ed. 2d 193; *Hamilton* v. *Alabama* (1961), 368 U. S. 52, 82 S. Ct. 157, 7 L. Ed. 2d 114; *Fitzgerald* v. *State* (1970), 254 Ind. 39, 257 N. E. 2d 305; *Thomas* v. *State* (1969), 251 Ind. 546, 242 N. E. 2d 919; *Monroe* v. *State* (1961), 242 Ind. 14, 175 N. E. 2d 692; *State ex rel. Grecco* v. *Allen Circuit Court* (1958), 238 Ind. 571, 153 N. E. 2d 914; *Batchelor* v. *State* (1920), 189 Ind. 69, 125 N. E. 773. A plea of guilty is not valid unless the accused either has counsel or has entered a knowing and voluntary waiver of his right to counsel. *Burgett* v. *Texas* (1967), 389 U. S. 109, 88 S. Ct. 258, 19 L. Ed. 2d 319; *Carnley* v. *Cochran* (1962), 369 U. S. 506, 82 S. Ct. 884, 8 L. Ed. 2d 70; *Fitzgerald* v. *State, supra; Grubbs* v. *State* (1970), 255 Ind. 411, 265 N. E. 2d 40; *Carter* v. *State* (1963), 243 Ind. 584, 187 N. E. 2d 482; *Wilson* v. *State* (1943), 222 Ind. 63, 51 N. E. 2d 848; *Batchelor* v. *State, supra.*

It is clear that appellant did not have an attorney at any time during the arraignment. The question then is whether appellant knowingly and voluntarily waived his right to counsel. The transcript of the arraignment reads in part as follows:

"Q. Do you have an attorney?

A. No, sir.

Q. Do you wish an attorney?

A. I don't think so, sir.

Q. Have you any money with which to hire an attorney, if you desire one?

A. No, sir.

Q. If you have not the money with which to hire an attorney, it is the duty of this Court to appoint an attorney for you, if you desire one. Do you desire an attorney appointed by the Court, to counsel with and to represent you before you are arraigned?

A. I believe so, sir.

Q. You what?

A. I, yes sir.

Q. Do you own an automobile?

A. Uh, yes, sir.

Q. Do you own property?

A. No sir.

Q. Well, you—are you regularly employed?

A. Not right at the time, sir.

Q. Well what's the value of your automobile?

A. Uh, maybe forty-five or fifty dollars, its an old car.

Q. What model is it?

A. 58.

Q. What?

A. 58.

Q. Well, if you are not a pauper, Court can't appoint an attorney for you. The Court will give you time to get your own attorney. The Court can appoint an attorney for you if you are a pauper.

A. Well, I guess I'll just go without an attorney, sir.

Q. You want to proceed with the arraignment?

A. Yes sir.

Q. Without an attorney being present?

A. I guess, sir, but I—

Q. You understand that the Court will give you time to get your own attorney if you want one?

A. Well, right at the time, sir, I wouldn't have any way to get one.

Q. Well, do you desire to go ahead with the arraignment?

A. Yes, sir."

The record also shows that appellant had recently had surgery to repair a leg broken in four places and which still had a pin in it. Appellant owed the hospital $1,000.00 for those services.

The record shows that appellant did not knowingly and voluntarily waive his right to counsel at the arraignment. On the contrary, he explicitly requested that the trial court appoint him counsel. Appellant was clearly entitled to have counsel appointed for him by the court. If this appellant was not so entitled it would be difficult to imagine who would be. In the absence of a valid waiver of right to counsel, this guilty plea was invalid and should be vacated.

Judgment reversed and plea ordered vacated.

Arterburn, C. J., Givan, Hunter and Prentice, JJ., concur.

NOTE.—Reported in 278 N. E. 2d 271.