STATE of Indiana, Appellant–Plaintiff,

v.

Bertha Jane OWINGS, Appellee–
Defendant.

No. 32A05–9112–CR–395.

Court of Appeals of Indiana,
Fifth District.

Oct. 15, 1992.

Rehearing Denied Dec. 1, 1992.

Linley E. Pearson, Atty. Gen., Geoff Davis, Deputy Atty. Gen., Office of Attorney General, Indianapolis, for appellant-plaintiff.

Stephen A. Oliver, Boren & Oliver, Martinsville, Samuel S. Shapiro, Bloomington, for appellee-defendant.

RUCKER, Judge.

Bertha Owings was charged with dealing in cocaine as a Class A felony and trafficking with an inmate as a Class D felony. As a part of pre-trial discovery, counsel for Owings deposed an essential State's witness. Prior to trial the witness died and Owings filed a motion to suppress the deposition. The trial court granted the motion indicating the testimony of the deposed witness was not credible and Owings had been denied the right to confront the witness face to face at trial. The State now appeals from the order arguing the trial court abused its discretion. We vacate and remand.

Bertha Owings visited her son who was an inmate at the Indiana Youth Center

and allegedly passed to him two balloons filled with cocaine. The charging information listed Orville Zook as one of the State's witnesses. On May 30, 1991, counsel for Owings deposed Zook, who was also an inmate at the Center. Owings did not attend the deposition nor did she make any request to be present. Zook testified that after Owings' son acknowledged swallowing cocaine-filled balloons, Zook gave him several glasses of water to induce vomiting. According to Zook, Owings' son then regurgitated the balloons, gave them to Zook, and informed Zook that Owings had smuggled the cocaine into the Center. Zook subsequently gave the balloons to one of the Center personnel. Zook committed suicide prior to trial, and Owings filed a motion to suppress Zook's deposition. After a hearing, the trial court granted the motion. The State concluded it could not successfully prosecute Owings without the deposition and dismissed the charges. The State now appeals.[1]

Admission of depositions into evidence is well within the sound discretion of the trial court. We will reverse only if the court abused its discretion. *Iseton v. State* (1984), Ind.App., 472 N.E.2d 643. The State claims the trial court abused its discretion in this case because Trial Rule 32(A)(3)(a) provides that a deposition may be used by any party for any purpose if the court finds that the witness is dead; and, Ind.Code § 35–37–4–3 allows parties in a criminal prosecution to take and use depositions of witnesses in accordance with the Trial Rules. Owings counters the trial court properly excluded the deposition from evidence because its admission at trial would violate her state constitutional right to confront the witnesses against her and because the deposition is unreliable.

In support of her constitutional claim Owings cites *Brady v. State* (1991), Ind., 575 N.E.2d 981. In that case our supreme court examined provisions of Ind.Code 35–37–4–8 which allowed the State to introduce into evidence videotaped statements

of child abuse victims. Under the statutory scheme the victims neither heard nor saw the defendant at the time of giving trial testimony. The court determined the statute violated Art. I, § 13 of the Indiana Constitution which provides: "In all criminal prosecutions, the accused shall have the right ... to meet the witnesses face to face...." *Brady, supra,* at 986. Owings contends she was similarly denied the right to confront a witness face to face because she was not present at the Zook deposition and because of Zook's death she obviously cannot face him at trial.

*Brady* provides Owings no refuge. The right to confront witnesses face to face, like any other constitutional right, may be waived. *Id.* at 987 citing *Kempa v. State* (1945), 223 Ind. 120, 58 N.E.2d 934. Our courts have long held that when defense counsel takes a deposition on behalf of the defendant, any objection based on the right of confrontation is waived if the State subsequently seeks to admit the deposition at trial. *Abner v. State* (1985), Ind., 479 N.E.2d 1254, 1262; *Roberts v. State* (1978), 268 Ind. 348, 375 N.E.2d 215; *Gallagher v. State* (1984), Ind.App., 466 N.E.2d 1382. In this case Zook's discovery deposition was taken at the request of Owings' counsel. Owings has therefore waived her right of a face to face confrontation.

In support of her contention that the deposition is unreliable and thus inadmissible Owings directs our attention to deposition testimony reflecting Zook's propensity to lie, his admission of selling illegal drugs at the Center and his refusal to implicate other inmates involved in this and other cases of alleged drug trafficking.

A two-pronged test is applied in determining the admissibility of prior recorded testimony. First, it must be shown that the witness is unavailable. Secondly, the statement must bear sufficient indicia of reliability. *Freeman v. State* (1989), Ind., 541 N.E.2d 533, quoting *Iseton, supra.* There is no question here that the witness

---

1. The State may appeal from an order granting a motion to suppress evidence if the order effectively terminates further prosecution. Ind.Code § 35–38–4–2; *State v. Pease* (1988), Ind.App., 531 N.E.2d 1207.

is unavailable; Zook died prior to trial. We must therefore focus on whether Zook's deposition testimony bears "sufficient indicia of reliability." Owings adamantly insists it does not. However, her challenge is directed at Zook's credibility which is a question to be determined by a fact finder who may choose to believe or disbelieve the deposition testimony. This court does not weigh evidence or judge witness credibility. *Litel v. State* (1988), Ind., 527 N.E.2d 1114.

On the other hand, reliability of a deposition can be established by showing the defendant had an opportunity to cross-examine the witness. *Moore v. State* (1991), Ind.App., 569 N.E.2d 695, *trans. denied.* In this case counsel for Owings conducted an extensive and thorough examination of Zook, evidenced by 119 pages of transcript and numerous leading and argumentative questions. Zook was questioned at length about his truthfulness, his veracity and the motivation for his actions. Such questioning sufficiently insures the reliability of the deposition to allow its admission into evidence where the witness is unavailable. See *Gallagher, supra.*

We hold the deposition of Orville Zook is admissible as evidence in this case because it bears sufficient indicia of reliability and Owings waived any right of face to face confrontation. The trial court erred by entering an order suppressing the deposition.

SHARPNACK, C.J., and CHEZEM, J., concur.