STATE of Indiana, Appellant,
(Plaintiff Below)

v.

Bertha Jane OWINGS, Appellee.
(Defendant Below)

No. 32SO5–9310–CR–1194.

Supreme Court of Indiana.

Oct. 29, 1993.

Pamela Carter, Atty. Gen., Geoff Davis, Deputy Atty. Gen., Office of Indiana Atty. Gen., Indianapolis, for appellant.

Stephen A. Oliver, Boren & Oliver, Martinsville, Samuel S. Shapiro, Bloomington, for appellee.

## ON PETITION TO TRANSFER

KRAHULIK, Justice.

We grant transfer to address whether Article I, Section 13 of the Indiana Constitution guarantees a criminal defendant the right to be present at a deposition if that deposition will be used in lieu of live testimony at trial.

### Facts

Bertha J. Owings was charged with dealing in cocaine, a class A felony, *Ind. Code Ann.* § 35–48–4–1(b)(1) (West Supp.1992), and trafficking with an inmate, a class D felony, *Ind. Code Ann.* § 35–44–3–9(1) (West 1986). The State alleged that Owings delivered balloons filled with cocaine to her son while he was an inmate at the Indiana Youth Center. This allegation was based upon information given by Orville

Zook, who was also an inmate at the Center. In the charging instrument, the State listed Zook as a necessary witness without whom the case against Owings could not be proved.

Zook was deposed by Owings' counsel on May 30, 1991. Although free on bond at the time of the deposition, Owings did not attend. Zook testified in his. deposition that Owings' son told him that he had swallowed cocaine-filled balloons brought to the Center by his mother. Zook further testified that he provided Owings' son with water to induce regurgitation, and afterward, the son gave the balloons to Zook. Zook signed the deposition transcript pursuant to Indiana Trial Rule 30(E).

Zook committed suicide in July, 1991. Owings moved to suppress the deposition on the grounds that Zook's testimony was not sufficiently reliable and its admission would violate her rights of confrontation under the Sixth Amendment to the United States Constitution and Article I, Section 13 of the Indiana constitution. Noting that Owings was entitled to have the jury determine the credibility of an accusing witness on the basis of live testimony and finding that Zook's testimony was not credible, the trial court granted the motion. The State moved to dismiss the charges because suppression of the deposition precluded further prosecution of the case. The State then appealed the ruling of the trial court pursuant to *Ind.Code Ann.* § 35–38–4–2(5) (West 1986).

The Court of Appeals reversed the trial court and held that Zook's deposition was admissible because it bore sufficient indicia of reliability and Owings had waived any right to a face-to-face confrontation. *State v. Owings* (1992), Ind.App., 600 N.E.2d 568. We agree that the deposition is admissible, but address the contentions made in Owings' petition to transfer that (1) use of the deposition at trial would deny her the right of confrontation, including cross-examination, a face-to-face meeting with the accusing witness, and the right to have the jury observe the demeanor of the witness; and (2) the deposition was not reliable.

### *Rights of Confrontation*

■ The Sixth Amendment to the United States Constitution provides that "in all criminal prosecutions the accused shall enjoy the right ... to be confronted with the witnesses against him." This right of confrontation is made obligatory on the states by the Fourteenth Amendment. *Pointer v. Texas*, 380 U.S. 400, 426, 85 S.Ct. 1065, 1053, 13 L.Ed.2d 923 (1965); *Miller v. State* (1987), Ind., 517 N.E.2d 64, 68. General agreement exists that the essential purpose of the Sixth Amendment right of confrontation is to insure that the defendant has the opportunity to cross-examine the witnesses against him. *Miller*, 517 N.E.2d at 68. As this Court has recognized, the right to adequate and effective cross-examination is fundamental and essential to a fair trial. It includes the right to ask pointed and relevant questions in an attempt to undermine the opposition's case, as well as the opportunity to test a witness's memory, perception and truthfulness. *Lagenour v. State* (1978), 268 Ind. 441, 445, 376 N.E.2d 475, 478.

■ Article I, Section 13 of the Indiana Constitution also provides a criminal defendant the right of confrontation: "[i]n all criminal prosecutions the accused shall have the right to meet the witnesses face to face." This Court has recognized that, "to a considerable degree, the federal right of confrontation and the state right to a face-to-face meeting are co-extensive." *Brady v. State* (1991), Ind., 575 N.E.2d 981, 987. However, although Indiana courts have determined that cross-examination is the primary interest secured by Article I, Section 13, *see Miller*, 517 N.E.2d at 69, the rights guaranteed by Article I, Section 13 are not necessarily identical to those given by the Sixth Amendment. As Justice De-Bruler wrote in *Brady:*

These cases exemplify this Court's tradition of recognizing that Indiana's confrontation right contains both the right to cross-examination and the right to meet the witnesses face to face. It places a premium upon live testimony of the State's witnesses in the courtroom during trial, as well as upon the ability of

the defendant and his counsel to fully and effectively probe and challenge those witnesses during trial before the trier of fact through cross-examination. The defendant's right to meet the witnesses face to face has not been subsumed by the right to cross-examination. That is to say, merely ensuring that a defendant's right to cross-examine the witness is scrupulously honored does not guarantee that the requirements of Indiana's Confrontation Clause are met. The Indiana Constitution recognizes that there is something unique and important in requiring the face-to-face meeting between the accused and the State's witnesses as they give their trial testimony. While the right to cross-examination may be the primary interest protected by the confrontation right in Article I, § 13 of the Indiana Constitution, the defendant's right to meet the witnesses face to face cannot simply be read out of our State's Constitution.

575 N.E.2d at 988.

Nonetheless, neither the Sixth Amendment nor Article I, Section 13 have been interpreted literally to guarantee a criminal defendant all rights of confrontation at every trial for every witness. Otherwise, no testimony of any absent witness would ever be admissible at trial. *Miller,* 517 N.E.2d at 71. Thus, the right of confrontation "must occasionally give way to considerations of public policy and the necessities of the case." *Mattox v. United States,* 156 U.S. 237, 243, 15 S.Ct. 337, 340, 39 L.Ed. 409 (1895); *Miller,* 517 N.E.2d at 71. As this Court stated in *Brady:*

> The right is not absolute. It is secured where the testimony of a witness at a former hearing or trial on the same case is reproduced and admitted, where the defendant either cross-examined such witness or was afforded an opportunity to do so, and the witness cannot be brought to testify at trial again because he has died, become insane, or is permanently or indefinitely absent from the state and is therefore beyond the jurisdiction of the court in which the case is pending. *Wilson v. State* (1910), 175 Ind.

458, 93 N.E. 609. In such cases, there has been a prior face-to-face meeting with the opportunity to cross-examine the witness before a trier of fact in the same case and a necessity for the reproduction of testimony exists. Such an opportunity for cross-examination in a prior civil case, however, will not suffice. 575 N.E.2d at 987.

■ Although the following cases do not expressly discuss Indiana's face-to-face requirement, they recognize the rule that prior testimony from a subsequently-unavailable witness is admissible at a subsequent trial, provided that the defendant had the opportunity to confront the witness when the testimony was originally given. *Atkins v. State* (1990), Ind., 561 N.E.2d 797, 801 (testimony given at bail hearing); *Ingram v. State* (1989), Ind., 547 N.E.2d 823, 826 (deposition testimony); *Coleman v. State* (1989), Ind., 546 N.E.2d 827, 829–30 (deposition testimony); *Hammers v. State* (1987), Ind., 502 N.E.2d 1339, 1344 (bail hearing); *Abner v. State* (1985), Ind., 479 N.E.2d 1254, 1262 (deposition testimony).

■ However, where a defendant has never had the opportunity to cross-examine a witness and meet him face to face, admission of prior testimony at a subsequent proceeding violates the constitutional right of confrontation. *Brady,* 575 N.E.2d at 989 (videotaped testimony taken outside the presence of defendant and used at trial); *Miller,* 517 N.E.2d at 74 (videotaped statement of child where defendant received no notice); *Driver v. State* (1992), Ind.App., 594 N.E.2d 488, 489–90 (testimony from prior trial at which defendant did not have the opportunity for a face-to-face confrontation).

■ Criminal defendants generally have no constitutional right to attend depositions. *Jones v. State* (1983), Ind., 445 N.E.2d 98, 99. This is so because the constitutional right of confrontation applies only to "those criminal proceedings in which the accused may be condemned to suffer grievous loss of either his liberty or his property," and a deposition taken for purposes of discovering information is not

such a proceeding. *Bowen v. State* (1975), 263 Ind. 558, 564, 334 N.E.2d 691, 695. Application of this rule is obviously appropriate when the deponent gives live testimony at trial because the defendant will be allowed full exercise of the right to confrontation in front of the trier of fact. Application is similarly appropriate if defendant had the opportunity to confront the witness at an earlier criminal proceeding. *Ingram*, 547 N.E.2d 823. This rule is not without exception however. For example, admission at trial of a deposition which defendant was not permitted to attend, taken by the State and given by a witness unavailable for trial, results in the defendant never having the opportunity to confront that witness. Such a procedure may violate the defendant's right to confrontation. *See e.g., Miller*, 517 N.E.2d 64 (videotaped statement of child victim taken without notice to defendant); *Gallagher v. State* (1984), Ind.App., 466 N.E.2d 1382, 1385.

 The right of a criminal defendant to confront the witnesses against him, however, is an individual privilege relating to the procedure at trial and, therefore, may be waived. *Brady*, 575 N.E.2d at 987. For a waiver to be effective, there must be "an intentional relinquishment or abandonment of a known right or privilege." *Phillips v. State* (1989), Ind.App., 543 N.E.2d 646, 648. The determination of whether a defendant has waived a constitutional right depends on the circumstances of the particular case, including the conduct of the defendant. *Id.*

 Waiver can occur by word or deed. Where there is no showing in the record that a defendant is unable to attend a deposition and he makes no objection to it proceeding, the defendant waives his right to confrontation even if the witness is unable to testify at trial. *Coleman*, 546 N.E.2d at 830. A defendant who calls a witness at a prior hearing waives his right to confrontation at a later trial. *Hammers*, 502 N.E.2d at 1344. Where defense counsel takes the deposition and actively participates in it, defendant is deemed to have waived his right of confrontation at trial. *See e.g., Ingram*, 547 N.E.2d at 826;

*Abner*, 479 N.E.2d at 1262; *Gallagher*, 466 N.E.2d 1382. Where, however, neither the defendant nor his attorney were given notice of the taking of a statement, no waiver occurred. *Miller*, 517 N.E.2d at 73. Similarly, a defendant who had not waived his right to be present at his first trial had not waived the right to a face-to-face confrontation with a witness against him and, therefore, testimony of that witness who had since died could not be used on retrial. *Driver*, 594 N.E.2d at 490.

 This constitutional framework allows the use of prior deposition testimony provided that the trial court finds (1) the witness is "unavailable" and (2) the statement to be used bears sufficient "indicia of reliability." *Freeman v. State* (1989), Ind., 541 N.E.2d 533, 537 citing *Ohio v. Roberts*, 448 U.S. 56, 65, 100 S.Ct. 2531, 2538, 65 L.Ed.2d 597 (1980). The "reliability" requirement is usually satisfied where there is recorded testimony taken by defense counsel during which defense counsel comprehensively questions the witness about his memory and perception of the incidents surrounding the crime, possible bias, and the veracity of the testimony. *Ingram*, 547 N.E.2d 823, 827. In short, a deposition which comports with the principal purposes of cross-examination provides sufficient "indicia of reliability." *Id.* at 827; *see also Ohio v. Roberts*, 448 U.S. at 67, 100 S.Ct. at 2540. The focus of the test is not upon whether the trial court believes the witness to be telling the truth, but rather upon the process by which the prior statement was obtained.

 In a criminal prosecution, the State may take and use depositions in accordance with the Indiana Trial Rules. *Ind.Code* § 35-37-4-3. Indiana Trial Rule 32(A)(3)(a) provides that the deposition of a witness who is dead may be used by a party for any purpose. Whether to allow the use of previously-recorded testimony in a particular case is left to the discretion of the trial court, and we reverse only for an abuse of that discretion. *Freeman*, 541 N.E.2d at 538; *Johnston v. State* (1988), Ind., 517 N.E.2d 397, 399.

Against these legal principles, we consider the facts of this case. Zook died after signing his deposition, and thus is unavailable pursuant to Trial Rule 32.

The court concluded that Zook's deposition showed there were "serious questions as to [his] credibility and motivation." In doing so, the court applied an improper test of "reliability." The issue is not whether the trial court believed the testimony, but whether it was obtained pursuant to procedures designed to elicit the truth. Testimony given under oath, subject to penalties of perjury and recorded by a court reporter has sufficient indicia of reliability.

In addition, Owings waived her right of a face-to-face confrontation by failing to attend the deposition. Owings' was free on bond at the time of the deposition, and we may presume that she had notice of the deposition.[1] The only information in the record tending to suggest that Owings' absence from the deposition was not an intentional relinquishment of a known right comes from her counsel's remarks to the trial court during oral argument that he thought Owings was prohibited from attending the deposition because it took place at the Indiana Youth Center and officials had banned Owings from visiting there. However, counsel admitted that no request was made that she be allowed to enter the Indiana Youth Center or that the deposition be taken elsewhere. Under these circumstances, Owings waived her constitutional rights to confront Zook face to face.

In summary, we hold that Zook's deposition was admissible because (1) he is unavailable, and (2) sufficient procedural safeguards were in place to assure reliability. The trial court erred in suppressing such deposition testimony.

### Conclusion

Accordingly, we grant transfer, reverse the trial court and affirm the Court of Appeals.

SHEPARD, C.J., and GIVAN and DICKSON, JJ., concur.

DeBRULER, J., dissents with opinion.

DeBRULER, Justice, dissenting.

Art. I, § 13 of the Indiana Constitution commands security for each person facing criminal charges in the following words:

In all criminal prosecutions, the accused shall have the right to a public trial, by an impartial jury, in the county in which the offense shall have been committed; to be heard by himself and counsel; to demand the nature and cause of the accusation against him, and to have a copy thereof; to meet the witnesses face to face, and to have compulsory process for obtaining witnesses in his favor.

When there is judicial, legislative, and executive respect for and observance of all of the enumerated individual rights granted by this provision, the promised security will be manifest. Each such right is of the highest rank. The state constitutional waiver standard applicable to each should therefore be of the highest rank as well. A waiver of an Art. I, § 13 right should be declared only where there is (1) an intelligent personal decision to forego the right, (2) without coercion, and (3) with a full awareness of the right. This is the standard that has already been declared applicable to the waiver of any trial, a jury trial, the right to counsel, and the right to be present at trial. *Cassidy v. State* (1929), 201 Ind. 311, 168 N.E. 18; *Robey v. State* (1990), Ind., 555 N.E.2d 145; *Grimes v. State* (1972), 257 Ind. 660, 278 N.E.2d 271; *Freeman v. State* (1989), Ind., 541 N.E.2d 533. This is the standard that will insure due respect and regard for the right of persons facing criminal charges to meet the witnesses against them face to face.

---

1. Our legal system operates in many areas on the notion that notice to counsel is notice to the client. *See* Ind.Trial Rule 5; Ind.Criminal Rule 18.