**Paul KELLEMS, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 62A05–9406–CR–233.**

Court of Appeals of Indiana.

June 7, 1995.

Jeffery L. Lantz, Jon Aarstad, Evansville, for appellant.

Pamela Carter, Atty. Gen., Cynthia L. Ploughe, Deputy Atty. Gen., Indianapolis, for appellee.

### OPINION

BARTEAU, Judge.

A jury convicted Paul Allen Kellems of Dealing in Cocaine, a Class A felony, in violation of Ind.Code 35–48–4–1(b)(3). The trial court imposed a fifty (50) year sentence. Kellems raises four issues for our consideration, only one of which we need address: whether exclusion of Kellems's alibi evidence requires reversal of his conviction.

### FACTS

On January 5, 1993, the State of Indiana filed a one-count information charging Paul Kellems with Dealing in Cocaine in Cannelton, Indiana on September 19, 1991, within 1000 feet of school property. An amended complaint was filed on February 12, 1993. Pursuant to an extension of time, Kellems filed a timely Notice of Alibi on November 15, 1993, stating that on the date and time in question he was enroute from Fort Knox, Kentucky to Cannelton, Indiana, and was accompanied by his girlfriend, Lisa Howland (Howland), and his sister, Sandra Kellems (Sandra). The prosecutor deposed Howland and Sandra in December of 1993. Howland testified that she remembered going to Fort Knox with Kellems and Sandra sometime in September 1991. Sandra testified that she, Kellems and Howland went to Fort Knox on September 19, 1991. Prior to trial, the prosecutor charged both Howland and Sandra with perjury in relation to the statements made in their depositions. The same judge presiding over Kellems's trial made a probable cause finding on the perjury charges against Howland and Sandra.

Kellems's trial commenced on January 14, 1994. When Howland and Sandra were called to testify, both invoked their Fifth Amendment privilege against self-incrimination. Kellems then sought to introduce their

depositions. The trial court ruled the depositions inadmissible under Ind. Evidence Rule 403. Kellems properly preserved the issue for review.

## STANDARD OF REVIEW

■ The admission of depositions into evidence is well within the sound discretion of the trial court. *State v. Owings* (1992), Ind. App., 600 N.E.2d 568, *reh'g denied, aff'd on transfer,* 622 N.E.2d 948. Thus, we will reverse the trial court only if we determine that an abuse of discretion occurred. *Id.*

## DEPOSITION V. LIVE TESTIMONY

■ The fact that the excluded evidence was in the form of depositions, as opposed to live testimony, did not alter its admissibility. Indiana Evidence Rule 804(b)(1) provides an exception to the hearsay rule for former testimony of an unavailable witness—if the party against whom the testimony is offered had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination. Howland and Sandra were "unavailable" by reason of the invocation of the Fifth Amendment privilege against self incrimination. *Diggs v. State* (1988), Ind., 531 N.E.2d 461, *cert. denied,* 490 U.S. 1038, 109 S.Ct. 1939, 104 L.Ed.2d 410; Indiana Trial Rule 32(A)(3)(e). The prosecutor initiated the taking of the depositions, and examined the witnesses concerning the alibi testimony they would provide on behalf of Kellems. Thus, the prosecutor had the same opportunity and similar motive to develop the testimony of Howland and Sandra during their depositions as he would have at trial. Because the witnesses were unavailable and the prosecutor had sufficient previous opportunity to examine them, the depositions were admissible under Ind. Evidence Rule 804(B)(1). *See also* Ind.Code 35-37-4-3 (the State and the defendant may take and use depositions of witnesses in accordance with the Indiana Rules of Trial Procedure).

## EXCLUSION OF ALIBI EVIDENCE

■ A defendant in a criminal proceeding is guaranteed the right to present witnesses on his behalf by the Sixth Amendment to the United States Constitution. *Borst v. State* (1984), Ind.App., 459 N.E.2d 751. The right to present witnesses is embodied in the due process requirement of the Fourteenth Amendment and is thus applicable to proceedings in state courts. *Id.*

> The right to offer the testimony of witnesses, and to compel their attendance, if necessary, is in plain terms the right to present a defense, the right to present the defendant's version of the facts as well as the prosecution's to the jury so it may decide where the truth lies. Just as an accused has the right to confront the prosecution's witnesses for the purpose of challenging their testimony, he has the right to present his own witnesses to establish a defense. This right is a fundamental element of due process of law.

*Washington v. Texas* (1967), 388 U.S. 14, 19, 87 S.Ct. 1920, 1923, 18 L.Ed.2d 1019, 1023. Kellems's alibi witnesses were essential to his defense. The trial was a credibility contest, with the police officer and the informant on one side and Kellems and his alibi witnesses on the other. Kellems did not testify as to his alibi. Thus, by excluding the depositions of his witnesses, the scales were tipped heavily in favor of the State.

■ The right to present witnesses is of critical importance, but it is not absolute. In appropriate cases, the right must yield to other legitimate interests in the criminal trial process. *Chambers v. Mississippi* (1973), 410 U.S. 284, 296, 93 S.Ct. 1038, 1046, 35 L.Ed.2d 297. Indiana Rule of Evidence 403 provides:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence.

Under Rule 403, the trial court must weigh the competing interests of the parties. In the case before us, the trial court was weighing Kellems's right to present witnesses in his defense against the prejudice to the State in having to defend against potentially perjured testimony. We have already recognized that Kellems's right to present wit-

nesses in his defense is of critical importance. Thus, in order to "substantially outweigh" Kellems's Sixth Amendment right to present witnesses in his defense, any prejudice to the State from having to counter-balance Kellems's alibi witnesses would have to be monumental.

How was the State prejudiced? In ruling the depositions of Kellems's alibi witnesses inadmissible under Evid. Rule 403, the trial court stated:

That puts the Court in a position where, I've already ruled the testimony is relevant and I've already ruled that the depositions would normally be admitted under *Diggs* if nothing else. I think that leaves us with only one point and I think its a narrow issue, but I think that since this Court itself has made a previous finding there's probable cause to believe that this testimony is false and this Court's obligation to this jury, I'm going to presently rule that the testimony contained in the depositions will not be admitted because the probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues and misleading effect on the jury to say nothing of the time and consideration of undue delay that's going to be caused by continuing this trial to give the State an opportunity to come in with some rebuttal. Alright. That's the ruling. . . .

R. 318–319. The trial court's reasoning does not persuade us that admission of the deposition testimony would have so prejudiced the State as to outweigh Kellems's right to present witnesses on his behalf.

■ First, the truth or falsity of the testimony of the witnesses was a matter for the finder of fact, in this case the jury. *State v. Owings* (1993), Ind., 622 N.E.2d 948, 952–53. Second, we perceive at most minimal prejudice to the State in having to attempt to cast doubt on the credibility of the witnesses.

Testimony of alibi witnesses is normally adverse to the case presented by the prosecution. That is one reason a notice of intent to offer the defense of alibi is required—allowing the State the time and opportunity to investigate the reliability of the alibi. The State had that opportunity here. Kellems timely filed his alibi notice—listing his witnesses. The State then deposed the witnesses. In the normal course of events, the case would have proceeded to trial, with the alibi witnesses testifying, and the State attempting to discredit their testimony. This case only veered from the norm when the State decided to file perjury charges against the witnesses based on their depositions[1], causing them to invoke their Fifth Amendment protection against self-incrimination.

Casting doubt on the credibility of the alibi witnesses should not have been too difficult for the State, given the fact that it had just participated in a hearing establishing probable cause for the filing of the perjury charges. Had the depositions of Kellems's alibi witnesses been admitted, the State would have had to do no more than it does in any other case in which an alibi defense is involved. In fact, the State should have been better able to attack the credibility of the witnesses in this case since it had already demonstrated that probable cause existed to believe the testimony was perjured. If the State thought it had sufficient information to obtain a criminal conviction, it should not have been too difficult to discredit the witnesses.

There also should have been no delay occasioned by the introduction of the alibi evidence. Kellems provided the witnesses and his notice of alibi to the State two months prior to trial. The State had time to depose them, and charge them with perjury. There would have been no justification for delaying the trial due to unpreparedness on the part of the State.

■ Because of the critical importance of Kellems's right to present witnesses in his defense, the trial court's decision to exclude the depositions of Howland and Sandra was

---

1. The propriety of the prosecutor's actions in filing perjury charges against defendant's alibi witnesses, prior to defendant's trial, is certainly questionable. *See Diggs*, 531 N.E.2d at 464 (a prosecutor's warning of criminal charges during a personal interview with a witness improperly denies the defendant the use of that witness's testimony—a prosecutor may not prevent nor discourage a defense witness from testifying).

an abuse of discretion. Kellems is entitled to a new trial.

The conviction for dealing in cocaine is REVERSED.

HOFFMAN and RUCKER, JJ., concur.