## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 04 2015, 9:36 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| Michael R. Fisher<br>Marion County Public Defender<br>Indianapolis, Indiana | Gregory F. Zoeller<br>Attorney General of Indiana<br><br>Katherine Modesitt Cooper<br>Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Kimtai Wilkerson,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff,* | August 4, 2015<br><br>Court of Appeals Case No. 49A02-1501-CR-18<br><br>Appeal from the Marion Superior Court<br><br>The Honorable David Cook, Judge<br><br>Cause No. 49F07-1403-CM-13243 |

**Bradford, Judge.**

# Case Summary

[1]    On March 13, 2014, Speedway police received a tip regarding a suspicious vehicle parked in an apartment complex with three passengers.  Appellant-

Defendant Kamtai Wilkerson was seated in the rear passenger-side seat of the vehicle. After investigating the vehicle, officers discovered a loaded handgun on the floorboards of the rear passenger-side of the vehicle. Wilkerson was charged and convicted of Class A misdemeanor possession of a handgun without a license.

Prior to trial, the trial court held a deposition of one of the arresting officers who was scheduled to be deployed on active military duty overseas before Wilkerson's trial date. Wilkerson initially appeared at the courthouse for the deposition but left before the deposition began. The officer's deposition testimony was later admitted at trial. On appeal, Wilkerson claims that he was deprived of his federal and state constitutional rights to confront the witness and that the evidence is insufficient to support his conviction. We affirm.

## Facts and Procedural History

On the night of March 13, 2014, Speedway Police Officers Robert Fekkes and Scott Highland were dispatched to investigate a suspicious vehicle parked at the Stanford Court apartment complex. Upon arriving at the apartments, the officers identified the vehicle, parked their patrol cars about forty feet away, and approached the vehicle on foot. As the officers approached, they "could see smoke coming from the windows" and "immediately detect[ed] the odor of burnt marijuana." Tr. p. 209.

[4] Officer Fekkes approached the passenger side of the car and asked Kimble Wilkerson, who was sitting in the front passenger seat, to exit the vehicle. As Kimble exited the vehicle, Officer Fekkes observed a clear plastic baggy hanging out from Kimble's jacket pocket containing what appeared to be marijuana, at which point Officer Fekkes placed Kimble in handcuffs. Upon searching Kimble, Officer Fekkes found another small baggy of marijuana in his pocket. Officer Fekkes then asked Wilkerson, who was seated directly behind Kimble, to step out of the vehicle and placed him in handcuffs. At the same time, Officer Highland had placed the driver, Devon Thompson, in handcuffs. [1]

[5] Officer Fekkes began searching the vehicle and discovered a fully-loaded .38 caliber handgun sitting in plain view on the back passenger-side floorboard "laying right where [Wilkerson's] feet would have been sitting." Tr. p. 213. After unloading the gun, Officer Fekkes *Mirandized*[2] Kimble, Wilkerson, and Thompson. None of three individuals had a license to carry a handgun and all three denied having any knowledge of the gun.

[6] Appellee-Plaintiff the State of Indiana ("the State") charged Wilkerson with Class A misdemeanor carrying a handgun without a license. Officer Highland was scheduled to be deployed for active military duty overseas in mid-

---

[1] Officer Fekkes noted that they placed Wilkerson and Thompson in handcuffs in order to safely conduct a search of the vehicle incident to Kimble's arrest. (Tr. 211)

[2] *Miranda v. Arizona*, 384 U.S. 436 (1966).

November of 2014, prior to the December trial date. The parties agreed that Officer Highland's video deposition could be taken for use at trial "so long as the presiding Judge is present to rule on objections, and that [Wilkerson] be allowed to be present to confront [Officer Highland]." App. p. 26. Officer Highland's deposition was scheduled for October 21, 2014 in Marion Superior Court 7. Wilkerson arrived at the courthouse prior to the deposition but left before the deposition began. The record is unclear as to why Wilkerson left. Wilkerson's counsel was present for the deposition but objected to proceeding without Wilkerson and requested a continuance. The trial court stated

> the defendant is not here pursuant to the Court order, he was here earlier, he has left. I have no real evidence as to why he has left. Uh, the issue, that he has an opportunity for confrontation that he elects not to take it – that opportunity that's his choice. Um, we do have a time sensitive issue, so I am going to order that the deposition proceed.

Tr. pp. 6-7.

[7] Wilkerson filed a pre-trial motion *in limine* to exclude Officer Highland's deposition testimony from being admitted at trial on the grounds that it violated Wilkerson's right of confrontation under the Indiana Constitution. In the motion, Wilkerson claims that he informed his counsel that he left the deposition early because he was sick. The trial court denied Wilkerson's motion. At trial, the State moved to admit Officer Highland's deposition and Wilkerson objected on the same grounds as outlined in his motion *in limine*. The trial court overruled Wilkerson's objection and admitted Officer Highland's deposition as evidence.

# Discussion and Decision

[8] On appeal, Wilkerson claims that (1) the trial court abused its discretion by admitting Officer Highland's deposition and (2) that the evidence was not sufficient to support his conviction.

# I. Sixth Amendment Right to Confrontation

[9] The admission or exclusion of evidence is within the sound discretion of the trial court and we will reverse such a decision only if the trial court abused that discretion. *Kindred v. State*, 973 N.E.2d 1245, 1252 (Ind. Ct. App. 2012). An abuse of discretion occurs when the trial court's decision is clearly against the logic, facts, and circumstances presented. *Id.* We do not reweigh evidence or judge the credibility of witnesses, and we consider conflicting evidence most favorable to the trial court's ruling. *Id.*

[10] The Sixth Amendment to the United States Constitution provides, in part, that "In all criminal prosecutions, the accused shall enjoy the right…to be confronted with the witnesses against him."[3] Article 1 Section 13 of the Indiana Constitution provides that "In all criminal prosecutions, the accused shall have the right…to meet the witnesses face to face…."

---

[3] We note that Wilkerson did not object to the admission of Highland's testimony on Sixth Amendment grounds at trial or in his motion *in limine* and so waived that issue for consideration on appeal. Nevertheless, as we discuss below, Wilkerson waived his right to confrontation under both the federal and state constitutions.

Neither the Sixth Amendment nor Article 1, Section 13 has been interpreted literally to guarantee a criminal defendant all rights of confrontation at every trial for every witness; otherwise, no testimony of any absent witness would ever be admissible at trial. *State v. Owings*, 622 N.E.2d 948, 951 (Ind. 1993). Thus, the right of confrontation "must occasionally give way to considerations of public policy and the necessities of the case." *Id.*

*Mathews v. State*, 26 N.E.3d 130, 135 (Ind. Ct. App. 2015). The Indiana Supreme Court explained the extent of the Indiana right of confrontation as follows:

> The right is not absolute. It is secured where the testimony of a witness at a former hearing or trial on the same case is reproduced and admitted, where the defendant either cross-examined such witness or was afforded an opportunity to do so, and the witness cannot be brought to testify at trial again because he has died, become insane, or is permanently or indefinitely absent from the state and is therefore beyond the jurisdiction of the court in which the case is pending. *Wilson v. State* (1910), 175 Ind. 458, 93 N.E. 609. In such cases, there has been a prior face-to-face meeting with the opportunity to cross-examine the witness before a trier of fact in the same case and a necessity for the reproduction of testimony exists.

*Brady v. State*, 575 N.E.2d 981, 987 (Ind. 1991).

[11]     The right of a criminal defendant to confront the witnesses against him, however, is an individual privilege relating to the procedure at trial and, therefore, may be waived. *Brady*, 575 N.E.2d at 987. For a waiver to be effective, there must be "an intentional relinquishment or abandonment of a known right or privilege." *Phillips v. State* (1989), Ind. App., 543 N.E.2d 646, 648. The determination of whether a defendant has waived a constitutional right depends on the circumstances of the particular case, including the conduct of the defendant. *Id.*

Waiver can occur by word or deed. Where there is no showing in the record that a defendant is unable to attend a deposition and he makes no objection to it proceeding, the defendant waives his right to

confrontation even if the witness is unable to testify at trial. [*Coleman v. State*, 546 N.E.2d 827, 830 (Ind. 1989)].

*Owings*, 622 N.E.2d at 952. In *Owings*, the Indiana Supreme Court found that

> Owings waived her right of a face-to-face confrontation by failing to attend the deposition….[when] the only information in the record tending to suggest that Owings' absence from the deposition was not an intentional relinquishment of a known right comes from her counsel's remarks to the trial court during oral argument that he thought Owings was prohibited from attending the deposition because it took place at the Indiana Youth Center and officials had banned Owings from visiting there. However, counsel admitted that no request was made that she be allowed to enter the Indiana Youth Center or that the deposition be taken elsewhere. Under these circumstances, Owings waived her constitutional rights to confront [the witness] face to face.

*Id*. at 953.

[12] As in *Owings*, the only information here that tends to show that Wilkerson did not intentionally relinquish his right to confrontation with Officer Highland was his counsel's remarks that Wilkerson "received conflicting information from the court staff about whether the deposition" was taking place and/or that Wilkerson was ill. Appellant's Br. p. 6-7. However, according to the prosecutor, Wilkerson was informed that the deposition was set to proceed before he left. Furthermore, Wilkerson did not inform the trial court that he was ill on the day of the deposition or request a continuance for that fact. As the trial court noted, there was "no real evidence" to support Wilkerson's self-serving claims. Tr. p. 6. Accordingly, we conclude that the trial court was

within its discretion to conclude that Wilkerson waived his right of confrontation.[4]

## II. Sufficiency of Evidence

[13] When reviewing the sufficiency of the evidence to support a conviction, appellate courts must consider only the probative evidence and reasonable inferences *supporting* the verdict. It is the fact-finder's role, not that of appellate courts, to assess witness credibility and weigh the evidence to determine whether it is sufficient to support a conviction. To preserve this structure, when appellate courts are confronted with conflicting evidence, they must consider it most favorably to the trial court's ruling. Appellate courts affirm the conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. It is therefore not necessary that the evidence overcome every reasonable hypothesis of innocence. The evidence is sufficient if an inference may reasonably be drawn from it to support the verdict.

*Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007) (internal quotations and citations omitted, emphasis in original).

[14] Indiana Code Section 35-47-2-1(a), as it was in effect at the time the instant offenses were committed, provided that "a person shall not carry a handgun in any vehicle or on or about the person's body without being licensed under this

---

[4] Wilkerson also argues that Officer Highland was not "unavailable" as a witness for purposes of Indiana Evidence Rule 804(a). Although we think it clear that Officer Highland was unavailable, we will not address the issue on its merits because Wilkerson waived the issue for consideration on appeal. Wilkerson acknowledges in his brief that he had previously conceded that Officer Highland was unavailable within the meaning of Rule 804. Furthermore, he made no objection at trial, in his pre-trial motion *in limine*, or during Officer Highland's deposition that Officer Highland was not unavailable. As such, his argument on this issue is waived. *See Griffin v. State*, 16 N.E.3d 997, 1006 (Ind. Ct. App. 2014) (A party generally waives appellate review of an issue or argument unless that party presented that issue or argument before the trial court).

chapter to carry a handgun." To convict Wilkerson under this statute, the State was required to prove that Wilkerson had actual or constructive possession of the handgun.[5] The State argues that Wilkerson had constructive possession of the handgun.

> [T]o prove constructive possession, the State must show that a defendant had both the intent and capability to maintain dominion and control over the contraband. [*Walker v. State*, 631 N.E.2d 1, 2 (Ind. Ct. App. 1994)]. Proof of dominion and control may be shown, inter alia, by (1) incriminating statements made by a defendant; (2) attempted flight or furtive gestures; (3) proximity of contraband to the defendant; (4) location of the contraband within the defendant's plain view; or (5) the mingling of the contraband with other items owned by the defendant. *Henderson v. State*, 715 N.E.2d 833, 836 (Ind. 1999).
>
> When constructive possession is alleged, the State must demonstrate the defendant's knowledge of the contraband. *Id*. at 835.

*Bradshaw v. State*, 818 N.E.2d 59, 62-63 (Ind. Ct. App. 2004).

[15] Here, the handgun found by Officer Fekkes was located on the floorboard directly behind the front passenger seat "laying right where [Wilkerson's] feet would have been sitting." Tr. p. 213. Officer Fekkes testified that the gun was positioned in a manner that "it would have been highly improbable for the driver or the front seat passenger to have any sort of access to the gun." Tr. p. 216. Additionally, Thompson testified that as the officers approached the vehicle, Wilkerson and Kimble were "freaked out" and "were fidgeting around

---

[5] Wilkerson admitted that he did not possess a license to carry a handgun.

and messing with stuff" as if they were attempting to conceal something. Tr. p. 235.

[16] In light of Wilkerson's close proximity to the handgun, the location of the handgun within Wilkerson's plain view and out of the reach of the other passengers, and Wilkerson's furtive movements, we find that there was substantial evidence of probative value from which the jury could reasonably infer that Wilkerson had constructive possession of the firearm.

[17] The judgment of the trial court is affirmed.

May, J., and Crone, J., concur.