## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 23 2017, 9:24 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Ricky Allen
Michigan City, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Angela N. Sanchez
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Ricky Allen, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | February 23, 2017 <br><br> Court of Appeals Case No. <br> 02A03-1508-CR-1120 <br><br> Appeal from the Allen Superior Court <br><br> The Honorable John Surbeck, Jr., Judge <br><br> Trial Court Cause No. <br> 02D06-1412-F5-160 |

**Barnes, Judge.**

## Case Summary

[1] Ricky Allen appeals his conviction for Level 5 felony battery. We affirm.

# Issues

Allen raises six issues, which we consolidate and restate as:

I.   whether Allen's right to a speedy trial was violated;

II.  whether the trial court properly admitted the deposition testimony of two witnesses;

III. whether the trial court properly denied Allen's motion to dismiss;

IV.  whether the evidence is sufficient to sustain Allen's conviction; and

V.   whether the trial court properly calculated credit time.[1]

# Facts

On December 23, 2014, Allen and his wife, Canethia Allen, argued while Tonia Freeman and her boyfriend were visiting them. Allen hit Canethia on the back of her head and threw her to the ground, which caused her to injure her elbow. After Freeman and her boyfriend left the house, Allen again hit Canethia, grabbed her neck, and repeatedly punched her. Freeman returned to get a coat that she had forgotten. She pulled Canethia out of the house when Canethia opened the door. The police arrived and arrested Allen.

---

[1] Allen's sixth issue seems to simply be a restatement of his other issues.

The State charged Allen with Level 5 felony battery. Allen chose to represent himself during the proceedings. On January 2, 2015, Allen requested a speedy trial. On January 9, 2015, the trial court set Allen's trial for March 24, 2015, and noted that the date was slightly outside of the "seventy (70) day rule" due to congestion on the court's calendar. 1/9/15 Hrg. Tr. p. 24.

On March 24, 2015, Canethia and Freeman failed to appear for the trial. The State noted that Canethia had been cooperative throughout the proceedings, stated that she had been hospitalized the previous weekend, and requested an emergency continuance. The trial court granted the continuance and scheduled a status hearing for March 31, 2015. At the status hearing, the State discussed its unsuccessful efforts to locate Canethia. The trial court issued a bench warrant for her failure to appear and set the jury trial for May 19, 2015. At the status hearing, Allen filed numerous motions, including a motion to dismiss and a motion for discharge. At some point after the March 31st status hearing and before an April 14th status hearing, the trial court released Allen on his own recognizance on the battery charge, but he was still held on a pending probation revocation proceeding. *See* 3/31/15 Hrg. Tr. p. 15; 4/14/15 Hrg. Tr. p. 15. At the April 14th status hearing, the trial court told Allen that it would address his outstanding motions. The trial court noted that Allen had so many motions, many of which were redundant, that it was difficult "not to get lost in all the paper. . . ." 4/14/15 Hrg. Tr. p. 30. The trial court asked "what else is outstanding that you want to deal with, 'cause we're gonna deal with it today or it's done." *Id.* The trial court addressed several motions that had been filed by

Allen, including a motion to dismiss the charges, which the trial court denied. The State also informed the trial court that it was concerned about Freeman appearing at the trial. The State had been unable to locate her and believed that she would not appear at the rescheduled trial.

[6] On May 15, 2015, during a pre-trial conference, the State presented witnesses regarding its efforts to locate both Canethia and Freeman. The trial court found that the State had "made diligent effort to secure the attendance of these two (2) witnesses; that they have failed to appear and, at least tentatively, we do not expect them to appear on Tuesday [the trial date]." 5/15/15 Hrg. Tr. p. 49. The trial court found that, if Canethia and Freeman failed to appear at the trial, their depositions, which were previously taken by Allen, would "be permitted to be used for testimony in lieu of their appearance." *Id.*

[7] Allen's jury trial began on May 19, 2015. Canethia and Freeman did not appear for the trial, and their redacted depositions were read to the jury. The jury found Allen guilty of battery, and he stipulated to the prior battery conviction. The jury then found Allen guilty of Level 5 felony battery. The trial court sentenced Allen to five years in the Department of Correction with no credit time and consecutive to his sentences for two probation revocations. Allen now appeals.

# Analysis

## *I. Speedy Trial*

Allen first argues that his speedy trial rights were violated. In speedy trial cases "where the issue is a question of law applied to undisputed facts, the standard of review—like for all questions of law—is de novo." *Austin v. State*, 997 N.E.2d 1027, 1039 (Ind. 2013). However, where a trial court makes a factual finding of congestion or emergency under Indiana Criminal Rule 4 based on disputed facts, the standard of review is the clearly erroneous standard. *Id.* at 1040. "We neither reweigh the evidence nor determine the credibility of witnesses." *Id.* "We consider only the probative evidence and reasonable inferences supporting the judgment and reverse only on a showing of clear error." *Id.* "Clear error is that which leaves us with a definite and firm conviction that a mistake has been made." *Id.*

Both the U.S. and Indiana Constitutions protect the right of an accused to a speedy trial. U.S. Const. amend. VI; Ind. Const. art. 1, § 12. "The speedy-trial right is a fundamental principle of constitutional law that has been zealously guarded by our courts." *Cundiff v. State*, 967 N.E.2d 1026, 1027 (Ind. 2012) (internal quotations omitted). Indiana Criminal Rule 4 generally implements the constitutional right of an accused to a speedy trial and provides:

> If any defendant held in jail on an indictment or an affidavit shall move for an early trial, he shall be discharged if not brought to trial within seventy (70) calendar days from the date of such motion, except where a continuance within said period is had on his motion, or the delay is otherwise caused by his act, or where

there was not sufficient time to try him during such seventy (70) calendar days because of the congestion of the court calendar. Provided, however, that in the last-mentioned circumstance, the prosecuting attorney shall file a timely motion for continuance as set forth in subdivision (A) of this rule. Provided further, that a trial court may take note of congestion or an emergency without the necessity of a motion, and upon so finding may order a continuance. Any continuance granted due to a congested calendar or emergency shall be reduced to an order, which order shall also set the case for trial within a reasonable time.

Ind. Crim. R. 4(B)(1). In *Austin*, 997 N.E.2d at 1038-39, our supreme court explained:

> Criminal Rule 4(B) presents at least three hurdles at the trial court level: First, when a criminal defendant files a motion for a speedy trial, the trial court must set the defendant's case for trial within seventy days—which might require, to an extent we discuss below—a re-prioritization of its current caseload. Second, if the trial court finds it cannot accomplish this prioritization and bring the defendant to trial within seventy days because of court congestion, it may order a continuance—and that finding of congestion is then subject to challenge by way of the defendant's motion for discharge. And third, if the trial court orders such a continuance, it still must keep sight of the defendant's constitutional right to a speedy trial—and Rule 4(B) therefore permits the continuance only to the extent that the defendant proceeds to trial within a reasonable time after the close of the seventy-day window.

[10] Here, Allen filed his speedy trial request on January 2, 2015, and the seventy-day period would have expired on March 13, 2015. The trial court specifically found that its calendar was congested and set the case for trial on March 24,

2015. Allen does not challenge the trial court's determination that its calendar was congested. At the March 24, 2015 trial date, Canethia and Freeman did not appear, and the State requested a continuance to obtain Canethia's presence. The trial court granted the State's request for a continuance and noted that it had ninety days to bring Allen to trial. Allen was ultimately brought to trial on May 19, 2015.

[11] The trial court was apparently referring to Indiana Criminal Rule 4(D), which extends the seventy-day speedy trial deadline under certain circumstances:

> If when application is made for discharge of a defendant under this rule, the court be satisfied that there is evidence for the state, which cannot then be had, that reasonable effort has been made to procure the same and there is just ground to believe that such evidence can be had within ninety (90) days, the cause may be continued, and the prisoner remanded or admitted to bail; and if he be not brought to trial by the state within such additional ninety (90) days, he shall then be discharged.

Any exigent circumstances may warrant a reasonable delay beyond the limitations of Criminal Rule 4. *Otte v. State*, 967 N.E.2d 540, 545 (Ind. Ct. App. 2012), *trans. denied*. "The reasonableness of such delay must be judged in the context of the particular case." *Id.* "The absence of a key witness through no fault of the State is good cause for extending the time period requirements." *Wooley v. State*, 716 N.E.2d 919, 925 (Ind. 1999).

[12] Prior to the March 24, 2015 trial date, Canethia and Freeman had been cooperating and had participated in depositions. The State was aware that

Canethia had been hospitalized over the weekend prior to the trial date, and the State was uncertain as to her reason for failing to appear. The trial court reasonably determined that a continuance was in order pursuant to Indiana Criminal Rule 4(D). Allen was then brought to trial on May 19, 2015, well within the ninety days allowed under Rule 4(D). We find no speedy trial violation. *See Otte*, 967 N.E.2d at 546 (holding that an extension under Indiana Criminal Rule 4(D) was justified).

## II. *Admission of Depositions*

Next, Allen argues that the trial court erred by admitting the depositions of Canethia and Freeman during Allen's jury trial. Allen argues that the admission of the depositions in lieu of their testimony violated his right to confrontation. The Sixth Amendment to the United States Constitution provides: "In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him . . . ." "A witness's testimony against a defendant is thus inadmissible unless the witness appears at trial or, if the witness is unavailable, the defendant had a prior opportunity for cross-examination." *Lehman v. State*, 926 N.E.2d 35, 39 (Ind. Ct. App. 2010) (citing *Crawford v. Washington*, 541 U.S. 36, 124 S. Ct. 1354 (2004)), *trans. denied*. In *Crawford*, the Supreme Court held that the admission of a hearsay statement made by a declarant who does not testify at trial violates the Sixth Amendment if: (1) the statement was testimonial and (2) the declarant is unavailable and the defendant lacked a prior opportunity for cross-examination. *Howard v. State*, 853 N.E.2d 461, 465 (Ind. 2006). "The Court emphasized that if testimonial

evidence is at issue, then 'the Sixth Amendment demands what the common law required: unavailability and a prior opportunity for cross-examination.'" *Id.* (quoting *Crawford*, 541 U.S. at 68, 124 S. Ct. 1354).

[14] Similarly, Indiana Evidence Rule 804 provides that former testimony is "not excluded by the hearsay rule if the declarant is unavailable as a witness." Ind. Evid. R. 804(b). Former testimony is testimony that:

> (A) was given as a witness at a trial, hearing, or lawful deposition, whether given during the current proceeding or a different one; and
>
> (B) is now offered against a party who had—or, in a civil case, whose predecessor in interest had—an opportunity and similar motive to develop it by direct, cross-, or redirect examination.

Ind. Evid. R. 804(b)(1). A declarant is "unavailable" if the declarant "is absent from the trial or hearing and the statement's proponent has not been able, by process or other reasonable means, to procure" the declarant's attendance. Ind. Evid. R. 804(a)(5)(A).

[15] Here, the trial court admitted Canethia's deposition and Freeman's deposition in lieu of their live testimony. The State presented evidence during an earlier hearing regarding its extensive attempts to locate the women. Although both women had been cooperative earlier in the proceedings, they had suddenly stopped responding to phone calls and subpoenas. The trial court properly determined that the women were "unavailable" and that Allen, who took their earlier depositions, had a prior opportunity to cross-examine the women. *See*

*Thomas v. State*, 966 N.E.2d 1267, 1272 (Ind. Ct. App. 2012) (holding that the trial court properly admitted a pre-trial deposition in lieu of a witness's testimony), *trans. denied*. The trial court did not err by admitting the depositions.

### III. Motion to Dismiss

[16] Allen next argues that the trial court erred by denying his motion to dismiss. According to Allen, he filed a motion to dismiss "all charges due to lack of evidence" on March 31, 2015. Appellant's Br. p. 2. Allen contends that the trial court did not rule on or acknowledge his motion.

[17] The Chronological Case Summary indicates that, on March 31, 2015, Allen filed several motions, including a motion to dismiss. Appellant's App. Vol. I p. 2(k). In the motion to dismiss, Allen argued that the charges against him should be dismissed because his speedy trial rights had been violated and because the State lacked enough evidence to prosecute as a result of Canethia's and Freeman's failure to appear on March 24, 2015. In the motion, Allen requested that the trial court dismiss the charges against him or grant him "an O.R. bond for an immediate release." *Id.* at 36(a). At some point after the March 31st status hearing and before an April 14th status hearing, the trial court released Allen on his own recognizance on the battery charge, but he was still held on a pending probation revocation proceeding. *See* 3/31/15 Hrg. Tr. p. 15; 4/14/15 Hrg. Tr. p. 15. At the April 14th hearing, the trial court denied the motion to dismiss. *See* 4/14/15 Hrg. Tr. p. 45.

[18]     The trial court, in fact, did address Allen's motion to dismiss. Further, we have already held that Allen's speedy trial rights were not violated. As for his argument that the State lacked enough evidence to prosecute, we disagree. Allen cites no authority for the proposition that he was entitled to dismissal prior to trial based on a lack of evidence simply because of Canethia and Freeman's failure to appear at the March 24, 2015 trial date. The trial court properly continued the trial date and properly admitted their depositions at the May 19, 2015 trial. Allen's argument fails.

### IV. Sufficiency of the Evidence

[19]     Allen argues that the evidence is insufficient to sustain his conviction. When reviewing the sufficiency of the evidence needed to support a criminal conviction, we neither reweigh evidence nor judge witness credibility. *Bailey v. State*, 907 N.E.2d 1003, 1005 (Ind. 2009). "We consider only the evidence supporting the judgment and any reasonable inferences that can be drawn from such evidence." *Id.* We will affirm if there is substantial evidence of probative value such that a reasonable trier of fact could have concluded the defendant was guilty beyond a reasonable doubt. *Id.*

[20]     The State charged Allen with Level 5 felony battery. The charging information alleged that Allen "did knowingly or intentionally touch Canethia Allen in a rude, insolent, or angry manner, resulting in bodily injury" and that Allen had a prior battery conviction against the same victim. Appellant's App. Vol. I p. 7. At the time of Allen's offense, the statute provided that "a person who knowingly or intentionally . . . touches another person in a rude, insolent, or

angry manner" commits battery. Ind. Code § 35-42-2-1(b)(1) (amended by Pub. L. No. 65-2016, § 33 (eff. July 1, 2016)). The offense was a Class A misdemeanor if it resulted in bodily injury to any other person. I.C. § 35-42-2-1(c). The offense was a Level 5 felony if the "person has a previous conviction for battery against the same victim." I.C. § 35-42-2-1(f)(4).

[21] Allen argues that the evidence is insufficient to sustain his conviction because Canethia allegedly gave contradictory statements to the police and during her deposition. He also argues that the trial court erred by admitting her deposition at the jury trial. We have held that the trial court properly admitted the deposition. In the deposition, Canethia stated that Allen slammed her to the ground and hit her and that she suffered bodily injuries. Allen's claim regarding contradictory statements is merely a request that we reweigh the evidence, which we cannot do. *Bailey*, 907 N.E.2d at 1005. The evidence is sufficient to sustain his conviction.

## V. Jail Time Credit

[22] Allen argues that the trial court failed to give him jail time credit. The "[d]etermination of a defendant's pretrial credit is dependent upon (1) pretrial confinement, and (2) the pretrial confinement being a result of the criminal charge for which sentence is being imposed." *Hall v. State*, 944 N.E.2d 538, 542 (Ind. Ct. App. 2011), *trans. denied*. "'Pre-sentence jail time credit is a matter of statutory right, not a matter of judicial discretion.'" *Id.* (quoting *Weaver v. State*, 725 N.E.2d 945, 948 (Ind. Ct. App. 2000)). "When a defendant is incarcerated on multiple unrelated charges at the same time, a period of confinement may be

the result of more than one offense." *Id.* "If a person is incarcerated awaiting trial on more than one charge and is sentenced to concurrent terms for the separate crimes, he is entitled to credit time applied against each separate term." *Id.* However, "'[w]here a defendant is convicted of multiple offenses and sentenced to consecutive terms, the jail credit is applied against the aggregate sentence.'" *Id.* (quoting *Shane v. State*, 716 N.E.2d 391, 400 (Ind. 1999)).

[23] Allen argues that he was entitled to 188 days (December 23, 2014, to June 29, 2015) for the time that he was incarcerated prior to sentencing. This issue was discussed repeatedly during the trial court proceedings. During this time period, Allen was also incarcerated for two probation revocation proceedings. At some point after the March 31st status hearing and before an April 14th status hearing, the trial court released Allen on his own recognizance on the battery charge, but he was still held on the pending probation revocation proceedings. *See* 3/31/15 Hrg. Tr. p. 15; 4/14/15 Hrg. Tr. p. 15. The trial court denied Allen's request for credit time when it sentenced him in this action because the credit time was applied to the probation revocation proceedings, which were consecutive to the sentence in this action. On appeal, Allen has failed to demonstrate that he was entitled to additional credit time to be applied to his sentence in this action. Allen has failed to demonstrate that the trial court's order was erroneous.

# Conclusion

Allen's speedy trial rights were not violated, and the trial court properly admitted depositions of Canethia and Freeman in lieu of their testimony. The trial court also properly denied Allen's motion to dismiss and properly calculated his credit time. Finally, the evidence is sufficient to sustain Allen's conviction. We affirm.

Affirmed.

Kirsch, J., and Robb, J., concur.